UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR L. PAYNE,<br><br>           Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, ACTING COMMISIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No. C16-1958-RSL<br><br>ORDER GRANTING ATTORNEY'S FEES |

This matter comes before the Court on plaintiff Arthur L. Payne's counsel's "Motion for Authorization of Attorney Fees" (Dkt. # 19). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

## I.   Unredacted Filings

As a threshold matter, the Court notes that plaintiff's exhibits include plaintiff's unredacted social security number. See Dkts. # 19-3 at 7, # 19-5 at 1, # 19-6 at 1. Social security numbers must be redacted in their entirety in all filings before this Court. See Local Rules W.D. Wash. LCR 5.2(a)(3). Defendant's response memorandum flagged the unredacted social security numbers, see Dkt. # 21 at 4, and yet plaintiff's counsel, Robert A. Friedman, inexplicitly failed to remedy the error. The Court cautions Mr. Friedman that such an error is unacceptable, particularly in light of his skill and experience emphasized throughout his memoranda. The Court, therefore, seals plaintiff's exhibits at Dkts. # 19-3, # 19-5, and # 19-6 and orders Mr. Friedman to file redacted copies of these exhibits.

ORDER GRANTING ATTORNEY'S FEES - 1

## II. Attorney's Fees

Mr. Friedman seeks attorney's fees for his work before the Court in relation to his successful representation of plaintiff in a social security disability insurance action.[1] Plaintiff signed a written contingent fee agreement under which Mr. Friedman would be paid 25% of any past-due benefits awarded to plaintiff. See Dkt. # 19-4 (contract). Mr. Friedman commenced representing plaintiff in June 2014. See Dkt. # 19-1 at 2. Following administrative denials of plaintiff's claim for disability benefits, Mr. Friedman filed a civil action seeking judicial review in this Court in December 2016. See Dkt. # 1. In July 2017, the Court reversed and remanded plaintiff's case for further administrative proceedings on the ground that the administrative law judge erred by failing to properly evaluate a medical opinion. See Dkts. # 12 (Report and Recommendation), # 13 (Order adopting Report and Recommendation). In December 2017, the Court granted plaintiff fees, expenses, and costs in the amount of $6,122.10 – $5,701.88 in attorney's and paralegal's fees, $20.22 in expenses, and $400.00 in costs – pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). See Dkt. # 18 (Order granting EAJA award). In July 2021, following further administrative proceedings, an administrative law judge issued a fully favorable decision finding plaintiff disabled beginning in June 2009 and awarding $304,000 in past-due disability benefits, among other benefits. See Dkt. # 19-3 (letter granting benefits).

Mr. Friedman seeks $76,000 in attorney's fees, which is equivalent to 25% of plaintiff's $304,000 award of past-due benefits. See Dkt. # 19-1 at 1. Defendant objects on the ground that this is an improper windfall to Mr. Friedman and moves the Court to instead award $20,000, which is approximately $700 per hour multiplied by 28.3 hours. See Dkt. # 21 at 7.

The applicable statute governing attorney's fees provides:

> Whenever a court renders a judgment favorable to a claimant under
> [42 U.S.C. Subchapter II] who was represented before the court by an

---

[1] Although Arthur L. Payne is the named plaintiff, the real party in interest here is Mr. Friedman, who seeks to obtain payment of attorney's fees from Mr. Payne's award of past-due disability benefits. Similarly, the Acting Commissioner of Social Security, the named defendant, has no direct financial interest in the outcome of this case, but instead serves as a *de facto* trustee for Mr. Payne. See Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 n.1 (9th Cir. 2012).

ORDER GRANTING ATTORNEY'S FEES - 2

> attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of [42 U.S.C. § 405(i)], but subject to [42 U.S.C. § 406(d)], certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). This statute "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). This means that the Court must first look to the fee agreement and then adjust downward if the fee is unreasonable; it may not start with the lodestar calculation and then adjust upward to account for the contingent nature of the representation. Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). In assessing reasonableness, the Court looks primarily to (1) the character of the representation and the results the representative achieved, (2) dilatory conduct leading to an accumulation of benefits during the pendency of the case in court, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case such that counsel would obtain a "windfall." See Gisbrecht, 535 U.S. at 808; see also Crawford, 586 F.3d at 1151-52. The Court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Gisbrecht, 535 U.S. at 808.[2]

Defendant does not dispute that the representation was both positive in character and appropriately prompt in speed. Rather, defendant argues that the requested fees, which amount to $2,685.51 per attorney hour billed, would be a windfall to Mr. Friedman in an uncomplicated district court case with a relatively short administrative transcript. See Dkt. # 21 at 4-7.

---

[2] Mr. Friedman did not submit a record of the hours spent representing plaintiff or a statement of his normal hourly billing charge for noncontingent fee cases together with this motion. However, an earlier filing establishes that Mr. Friedman and his colleagues expended 28.3 hours of attorney time and 2.2 hours of paralegal time and provides a paralegal rate of $75 per hour. See Dkt. # 15-1 at 4.

ORDER GRANTING ATTORNEY'S FEES - 3

Defendant argues that an award of $20,000 – or approximately $700 per hour – is commensurate with the $630 per hour rate that top attorneys with 31 or more years of experience were billing in 2015.  See id. at 7 (citing Dkt. # 19-9).[3]

Because the fee agreement between Mr. Friedman and plaintiff caps fees at 25% of any past-due benefits awarded to plaintiff, the Court accepts its primacy.  See Gisbrecht, 535 U.S. at 793.  Defendant's proposed fee calculation is improper because it fails to account for the attorney-client fee agreement, utilizes a lodestar method, and fails to account for the contingent nature of the representation.  The Court, therefore, declines to adopt defendant's analysis of the requested fee.

In conducting its own review, the Court concludes the requested fee is reasonable.  The parties do not dispute that Mr. Friedman should be compensated as a top tier attorney in his field with more than 31 years of experience.  See Dkts. # 19-1 at 8-9, # 21 at 7.  According to a survey submitted by Mr. Friedman, this equates a noncontingent hourly rate of $630.  See Dkt. # 19-9.  Because Mr. Friedman did not submit his normal hourly billing charge for noncontingent fee cases, the Court adopts this hourly fee as a stand-in to assess reasonableness.  The Court also adopts Mr. Friedman's calculations that he had only a 24% chance of receiving a § 406(b) fee for his work on the ground that he had only a 51% chance that the district court would award benefits or remand plaintiff's appeal, and only a 47% chance that an ALJ would issue a decision favorable to plaintiff on remand – 51% x 47% = 24%.  See Dkt. # 19-1 at 6-7 (citing Dkts. # 19-7, #19-8) (showing Social Security Administration disability appeals data).[4]

---

[3] Defendant also emphasizes that Mr. Friedman himself billed only 3.5 hours to this matter.  See Dkts. # 21 at 2, 7, # 15-1 at 4.  Mr. Friedman asserts that he associated with outside counsel on a noncontingent basis, thereby incurring a greater financial risk if plaintiff's claim was unsuccessful.  See Dkt. # 23 at 6.  Despite raising this argument, defendant does not inform the Court what a proper hourly rate for co-counsel might be and utilizes the same proposed rate for all attorneys.  See Dkt. # 21 at 7.  The Court, therefore, declines to reduce the fee on this ground.

[4] Defendant argues that Mr. Friedman had a much higher chance of collecting a § 406(b) fee because the Western District of Washington remands 77% of social security disability appeals – the highest rate in the country.  See Dkt. # 21 at 6-7 (citing Harold J. Krent & Scott Morris, Inconsistency and Angst in District Court Resolution of Social Security Disability Appeals, 67 Hastings L.J. 367, 404 (2016)).  However, defendant's source uses data from 2010 to 2012.  See Krent, supra at 385.  The Court

ORDER GRANTING ATTORNEY'S FEES - 4

A 24% chance of receiving a § 406(b) fee equates to a 4.17 multiplier to be applied to a noncontingent hourly rate to account for the risk that the attorney assumed of receiving no fee at all – 100% / 24% = 4.17.  Mr. Friedman's requested fees of $76,000 would produce a multiplier of 4.26 when considering only attorney hours – ($76,000 / 28.3 attorney hours) / $630 noncontingent rate = 4.26.  If the Court calculates the fee using the lower noncontingent fee multiplier of 4.16 for attorney's fees and the actual $75 hourly rate for paralegal hours, the Court obtains a total fee of $74,452.50 – 4.16 x 28.3 attorney hours x $630 noncontingent rate = $74,287.50; 2.2 paralegal hours x $75 actual rate = $165; $74,287.50 attorney's fees + $165 paralegal's fees = $74,452.50 total fees.  Cf. La Plant v. Berryhill, Case No. C14-1143-JCC (W.D. Wash. 2017), Dkt. # 41 (calculating § 406(b) fees in the same manner).  Given that this number represents a percentage decrease of only 2% compared to the fees requested by Mr. Friedman – ($76,000 - $74,452.50) / $76,000 = -2% – and considering both "the Supreme Court's clear directive that the district court must first look to the fee agreement," Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 at 808), and the realized risk that there would be a long administrative delay in resolving the case, see id. at 1152, the Court finds that Mr. Friedman is entitled to his requested fee.

      This fee, however, must be reduced by the EAJA award already granted.  Pursuant to the EAJA's "savings provision," Congress harmonized fees payable by the government under the EAJA with fees payable under § 406(b) out of plaintiff's past-due social security benefits in this manner: fee awards may be made under both prescriptions, but plaintiff's attorney must "refun[d] to the claimant the amount of the smaller fee."  Gisbrecht, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186); see also Parrish., 698 F.3d at 1217-18 (explaining savings provision).  Defendant posits that Mr. Friedman must reimburse plaintiff the entire $6,122.10 EAJA award, see Dkt. # 21 at 2, 8, while Mr. Friedman puts forward that he must reimburse only the $5,701.88 in fees, see Dkt. # 19-1 at 2.  The savings provision mandates refunding only the smaller "fee."  See Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat.

---

will not use this article to override the Social Security Administration data contained in Mr. Friedman's exhibits.

ORDER GRANTING ATTORNEY'S FEES - 5

186. In contrast, the EAJA separately refers to awards of "fees," "other expenses," and "costs." See 28 U.S.C. § 2412(d). It is therefore consistent with the plain language of the statute that Mr. Friedman shall be required to refund only EAJA *fees* in the amount of $5,701.88. Cf. Parrish, 698 F.3d at 1221 ("We therefore hold that if a court awards *attorney fees* under § 2412(d) for the representation of a Social Security claimant on an action for past-due benefits, and also awards *attorney fees* under § 406(b)(1) for representation of the same claimant in connection with the same claim, the claimant's attorney 'receives fees for the same work' under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision." (emphasis added)).

### III. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED THAT:

1) Plaintiff's counsel shall file copies of Dkts. # 19-3, # 19-5, and # 19-6 redacting plaintiff's social security number and any other information required to be redacted pursuant to Local Rules W.D. Wash. LCR 5.2 within seven days of this Order.

2) Plaintiff's motion for attorney's fees (Dkt. # 19) is GRANTED. Pursuant to 42 U.S.C. § 406(b), the Court authorizes a fee of $76,000 *less* an administrative assessment pursuant to 42 U.S.C. § 406(d). Plaintiff's counsel shall refund $5,701.88 to plaintiff for the prior award under 28 U.S.C. § 2412(d). Any past-due benefits withheld by the Social Security Commissioner in excess of the amount allowed pursuant to this Order may be released to plaintiff. If the Commissioner has not withheld past-due benefits sufficient to satisfy this Order, the Plaintiff's attorney shall pursue payment via the procedures set forth in Program Operation Manual System (POMS) GN 03920.055.C.

3) The Clerk of Court is instructed to seal Dkts. # 19-3, # 19-5, and # 19-6.

DATED this 3rd day of October, 2022.

Robert S. Lasnik
United States District Judge